## No. 947
## SMITH v. FREMONT (City)

Ohio Appeals, 6th Dist., Sandusky Co.

No. 173. Decided Oct. 1, 1926

Judges Mauck & Middleton of 4th Dist., and Pardee of 2nd Dist. sitting.

797. MUNICIPAL CORPORATIONS — Where more than 10% of the electors of a municipality have initiated an ordinance providing for a method to secure a water supply, and filed same with proper authorities; the city council is not prohibited from passing an ordinance in regards to the same subject but providing a different method for securing said water supply.

874. ORDINANCES (Emergency)—An ordinance passed by council with reference to the city's water supply relates to the health of the people of the community and is therefore such a measure as might be termed an emergency measure.

MAUCK, P. J.

J. Bell Smith brought this action originally in the Sandusky Common Pleas as a taxpayer, against the city of Fremont and certain officers of said city to enjoin them from further proceeding to execute an ordinance passed by the city council on June 29, 1926.

The ordinance provided for the issue and sale of bonds in the sum of $180,000 to pay

for a water purification plant. Smith claimed that the ordinance is invalid and further proceedings should be enjoined on the grounds that the proposed bond issue is in excess of limits fixed by 3941 GC. which statute provides that the bonded indebtedness of a municipal corporation shall not exceed one percent of the total value of all property in such municipal corporation as listed for taxation. Smith claims that the value of property in Fremont is $24,000,000 and that a bonded indebtedness of $250,000 already exists so that further proceedings on the ordinance in question would bring such indebtedness to more than the one percent allowed by law.

It is further claimed that the passing of said ordinance was improper and illegal for the reason that at the time, or immediately prior thereto, 10% and more of the electors had initiated an ordinance and had filed same for the purpose of voting thereupon at the forthcoming election, providing for a different method of securing a water supply for the city. The third ground set forth is that the ordinance is illegal because it was passed as an emergency ordinance for the reason only to avoid a vote of the people by referendum thereon.

The city demurred to Smith's petition and the case coming up on appeal, the Court of Appeals held:

1. The term "net indebtedness" in 3941 GC. is defined in 3949 GC. which section enumerates a number of exceptions that are to be read into the words "net indebtedness," one exception being that from the net indebtedness is to be excluded all bonds issued prior to April 29, 1902 and all bonds issued to refund indebtedneess existing before that date.

2. The petition does not disclose that all the present indebtedness of the city may be within the excepted class and for that reason alone the petition does not make out a case within the terms of 3941 and 3949 GC. when read together. 95 OS. 108.

3. Section 4227-1 GC. provides for initiating an ordinance but does not in any way limit the power of the council to legislate upon the subject.

4. There is no reason whiy the city council was not as fully empowered to legislate upon the waterworks situation after the initiated petition was filed as it was before; and unless the law expressly takes away from the council the power to legislate in a matter over which it has general jurisdiction, no restriction ought to be implied by the courts that will enable 10% of the electors to block the ordinary and orderly processes of municipal legislation.

5. The city council, by the required vote, declared the ordinance to be an emergency measure. It was acting upon a question that related to public health and was therefore such a measure as might be an emergency measure.

Demurrer sustained and petition dismissed.

(Allread and Middleton, JJ., concur.)

Attorneys—H. C. DeRan; D. B. Love and Hazel Fry 'for Smith; I. G. Stout and Harry Garn for City; all of Fremont.

Note—Petition in error dismissed. 4 Abs. 757.